IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

DYLAN MCCLUNG
        Plaintiff,

v.                                            CASE NO.: 3:24-CV-00688-JAM

SACRED HEART UNIVERSITY, INC.
AND ROBERT BERTUCCI
        Defendants.

**FORM 26(F) REPORT OF PARTIES' PLANNING MEETING**
**(Amended December 22, 2017)**

Date Complaint Filed:  April 15, 2024

Date Complaint Served:

    Defendant Sacred Heart University, Inc., May 1, 2024

    Defendant Robert Bertucci, May 1, 2024.

Date of Defendant's Appearances:

    Defendant Sacred Heart University, Inc., May 22, 2024

    Defendant Robert Bertucci, June 17, 2024 (Pro Se – May 23, 2024).

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a conference was held on June 26, 2024. The participants were: Sonja L. Deyoe, Esq, for plaintiff Dylan McClung, Derek Donnelley, Esq., for Defendant Robert Bertucci, and Melicent Thompson, for Defendant Sacred Heart University, Inc.

**I.**    **CERTIFICATION**

Undersigned counsel (after consultation with their clients) and any undersigned self-represented parties certify that (a) they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case;

1

and (b) they have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

## II. JURISDICTION

### A. Subject Matter Jurisdiction.

The complaint alleges complete diversity jurisdiction under 28 U.S.C. § 1332 with more than $75,000 at issue.

### B. Personal Jurisdiction

Personal jurisdiction is not disputed.

## III. BRIEF DESCRIPTION OF CASE.

### A. Claims of Plaintiff.

Plaintiff alleges that he was a volleyball player for the Defendant Sacred Heart University Inc., on a team coached by the Defendant Robert Bertucci. Plaintiff alleges that he was battered by Defendant Robert Bertucci on April 15, 2022 (the "Incident"). Plaintiff further alleges that the Defendant Robert Bertucci has a history of engaging in assault and battery with former players on teams he coached that was known or should have been known by the Defendant Sacred Heart University, Inc.

### B. Defenses and Claims (Affirmative Defenses, Counterclaims, Third Party Claims, Cross Claims)(either pled or anticipated) of Defendant/s:

Defendant Sacred Heart University, Inc., denies that it is liable for the intentional tort Defendant Bertucci allegedly committed during the Incident. Further, Defendant Sacred Heart University, Inc. did not know and could not have known that Defendant Bertucci would act as alleged during the Incident and therefore, the University could not have prevented the Incident.

Defendant Bertucci denies that there was a battery and asserts that the Incident that is the subject of the Plaintiff's complaint was the result of the Defendant's reasonable belief that the Plaintiff was about to harm other players.

### C. Defenses of Third Party Defendant/s.

N/A.

### IV. STATEMENT OF UNDISPUTED FACTS.

Counsel and self-represented parties certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute.  The following material facts are undisputed:

1. Plaintiff was a player on the Defendant Sacred Heart University, Inc. men's volleyball team that played a match in New Jersey on April 15, 2022.

2. At that match, the Defendant Robert Bertucci was the coach of the team the Plaintiff was on and an employee of Defendant Sacred Heart University, Inc.

### V. CASE MANAGEMENT PLAN:

#### A. Initial Disclosures

Initial disclosures will be served by July 10, 2024.

#### B. Scheduling Conference

1. The parties request to be excused from holding a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

2. The parties prefer that a scheduling conference, if held, be conducted by telephone.

#### C. Early Settlement Conference

1. The parties certify that they have considered the potential benefits of attempting to settle the case before undertaking significant discovery or motion practice.  Settlement

may be facilitated by referral of this matter to a magistrate. The parties request that discovery be stayed until after that conference.

2. The parties request an early settlement conference.

3. The parties prefer a settlement conference, when such a conference is held, with a magistrate judge.

4. The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

**D. Pleadings Joinder of Parties, Amendment of Pleadings, and Motions Addressed to the parties.**

The parties have discussed any perceived defects in the pleadings and have reached the following agreements for resolution of any issues related to the sufficiency of the pleadings.

1. Motions to join additional parties or amend the complaint will be filed by July 15, 2024, and any motion to join or amend the pleadings thereafter will require, in addition to any other requirements, a showing of good cause for delay.

**E. Discovery**

Recognizing that the precise contours of the case, including the amounts of damages at issue, if any, may not be clear at this point in the case, in making the proposals below concerning discovery, the parties have considered the scope of discovery permitted under Fed. R. Civ. P. 26(b)(1). At this time, the parties wish to apprise the Court of the following information regarding the "needs of the case":

a. **The parties anticipate that discovery will be needed on the following subjects:**

<u>Plaintiff</u>

  i. Prior knowledge that Defendant Sacred Heart University, Inc., had pertaining to Defendant Robert Bertucci and his alleged prior conduct;

4

  ii.  Defendant Robert Bertucci's reputation for using corporal punishment as a coach, and reputation aggressive and abusive coaching;

  iii.  Damages.

Defendants' Position (if different):

  i.  The circumstances surrounding the Incident as they relate to the Defendants' special defenses.

**b. All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be completed (not propounded) by March 1, 2025.**

Plaintiff's Position:

  i.  Plaintiff believes that the deposition limit is adequate and that no more than five depositions of fact witnesses, covering three hours or less a piece will be needed.

Defendants' Position:

  i.  Defendants believe they will call no more than five depositions each.

f. Depositions (other than depositions related to document discovery and expert depositions) will commence on October 15, 2024 and will be completed by December 30, 2024.

g. The parties will not request permission to serve more than 25 interrogatories.

h. Plaintiff intends to call expert witnesses at trial.  Defendant Bertucci does not intend to call expert witnesses at trial. Defendant Sacred Heart University, Inc. currently does not anticipate calling expert witnesses at trial but reserves the right to do so, most likely in rebuttal of any damages expert(s) Plaintiff designates.

i. Plaintiff will designate all trial experts and provide Defendants' counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by December 1, 2024.

j.      Defendants will designate all trial experts and provide Plaintiff's counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by January 2, 2025.

k.      Plaintiff's rebuttal expert reports (limited to addressing materials in Defendants' reports) shall be provided to Defendants' counsel by January 16, 2025.

l.      Depositions of all experts shall be completed not later than March 1, 2025. Each expert may be deposed once, unless otherwise agreed to by the Parties, or for good cause shown. Plaintiff's experts shall be deposed prior to the depositions of the Defendants experts.

m.     A damages analysis will be provided by any party who has a claim or counterclaim for damages as required by the local standing order within 45 days of the appearance of any defendant.

n.      The undersigned counsel have discussed the disclosure and preservation of electronically stored information ("ESI"), including, but not limited to, the form in which such data shall be produced, search terms to be applied in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information.  The parties agree that electronic communications between the plaintiff and defendant, and between the plaintiff or defendant and any other person or entity, if any, regarding the issues identified in Section E(b) above will be preserved and not deleted during the pendency of the lawsuit. The party assembling and producing such information in response to a written discovery request will bear the cost of assembling and producing the information. No party waives its objections to written discovery requests by agreeing to the procedures herein. The parties will rely on

this Court's Standing Order to minimize the risk of waiver of privilege or work-product protection.

o.    Undersigned counsel (after consultation with their respective clients concerning computer-based and other electronic information management systems, including historical, archival, back-up and legacy files, in order to understand how information is stored and how it may be retrieved) and self-represented parties have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms and/or other techniques to be used in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information.

F.  **Other Scheduling Issues:** Not applicable.

G.  **Summary Judgment Motions**:

Summary judgment motions, which must comply with D. Conn. L. Cir. R. 56, will be filed on or before February 1, 2025.

H.  **Joint Trial Memorandum**

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed within sixty days of decision on any motion for summary judgment.

VI.    **TRIAL READINESS**

The case will be ready for trial sixty days after the filing of a joint trial memorandum.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

Plaintiff:
By: /*Sonja L. Deyoe*/        Date: July 10, 2024.
    Ct29186

Defendant Sacred Heart University, Inc.
By:  /*Melicent B. Thompson*/        Date: July 10, 2024
    Ct19868

Defendant Bertucci
By: /*Derek E. Donnelly*/        Date: July 10, 2024
    Ct28922